[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2011
JOHN LEY
CLERK

_____

No. 09-15798

_____

D.C. Docket No. 08-00889-CV-T-33-AEP


NANCY SHER,
individually and on behalf of all others
similarly situated,
JAMES R. ABEL,
individually and on behalf of all others
similarly situated,
CAROL A. CALECA,
individually and on behalf of all others
similarly situated,
LOUIS GIOCONDO,
individually and on behalf of all others
similarly situated,
BETTY L. KEY,
individually and on behalf of all others
similarly situated,

                                                        Plaintiffs-Appellees,


LINDA SWARTOUT,
individually and on behalf of all others
similarly situated, et al.,

                                                        Consolidated-Plaintiffs,

versus

RAYTHEON COMPANY,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 9, 2011)

Before EDMONDSON, HILL and ALARCON,[*] Circuit Judges.

HILL, Circuit Judge:

In this case alleging environmental contamination, defendant Raytheon Company (Raytheon) appeals from an interlocutory order granting class-action certification under Fed. R. Civ. P. 23(f). The plaintiffs are Nancy Sher, James R. Abel, Carol A. Caleca, Louis Ciocondo, Betty L. Key, (the Plaintiffs). The Plaintiffs purport to represent a class consisting of all owners of real property impacted by the alleged contamination. This appeal pertains to only the grant of class certification by the district court, not the merits of the case.

We hold that the district court erred as matter of law by not sufficiently evaluating and weighing conflicting expert testimony presented by the parties at

_____

[*]Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

the class certification stage.[1]  *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1264 (11th Cir. 2009).  We conclude that facts have not been determined sufficient to support certifying a class at this time.  Thus, the district court, in its Rule 23 analysis, erred as a matter of law in granting class certification.  *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004).

## I.

The Plaintiffs allege that Raytheon, through improper disposal and/or storage of hazardous waste at its St. Petersburg, Florida facility, is responsible for the release of toxic waste into the groundwater of the surrounding neighborhoods. The parties presented brief testimony of the Plaintiffs.  In all, the district court held a three-day evidentiary hearing on the Plaintiffs' motion for class certification.

To demonstrate the predominance of common issues under Rule 23(b)(3), the Plaintiffs' groundwater expert, Dr. Philip Bedient, identified the impacted area as a toxic underground plume stretching approximately one mile long and 1.7 miles wide from the Raytheon facility.[2]

In an effort to prove that the claims of the Plaintiffs for compensatory and

---

[1] By so holding, we need not discuss any remaining issues.

[2] This plume is alleged to affect 1300 different parcels, seventeen different types of property owned by over 1000 property owners in ten different St. Petersburg neighborhoods.

punitive damages for property injury could be appropriately resolved in a single class action, the Plaintiffs presented the affidavit of their damages expert, Dr. John A. Kilpatrick. He stated that he could develop a hedonic multiple regression model to determine diminution-in-value damages without resorting to an individualized consideration of each of the various properties.

In rebuttal, Raytheon produced its groundwater expert, Dr. James Mercer, challenging Dr. Bedient's methodology for defining the impacted area, or putative class, as "inconsistent with applicable professional standards." Dr. Mercer testified also that Dr. Bedient's area encompassed many properties on which no contamination had been detected at all.

Raytheon introduced its damages expert, Dr. Thomas O. Jackson. Dr. Jackson's report stated that the Plaintiffs' expert's "proposed method of analysis of property value diminution using mass appraisal/regression modeling would be unacceptable for this purpose, and would not eliminate the need to evaluate each property in the proposed class area on an individual basis."

In its order granting class certification to Plaintiffs, the district court noted that "[t]he expert reports, of course, differ markedly as to the size of the proposed class area; whether evidence of contamination exists within that area; and whether the alleged diminution in value to the properties in the proposed class area can be

4

determined on a class-wide basis."

Yet, later in the order granting class certification, the district court stated:

[Raytheon] spent a significant amount of time during the Hearing attempting to prove that Plaintiffs' experts analyses and opinions are too factually and scientifically deficient to support class certification. *As a threshold matter, the Court finds that it is not necessary at this stage of the litigation to declare a proverbial winner in the parties' war of the battling experts or dueling statistics and chemical concentrations . . . This type of determination would require the Court to weigh the evidence presented and engage in a* Daubert *style critique of the proffered experts qualifications, which would be inappropriate . . . At this stage of the litigation, therefore an inquiry into the admissibility of Plaintiffs' proposed expert testimony as set forth in* Daubert *would be inappropriate, because such an analysis delves too far into the merits of Plaintiffs' case.*

(Emphasis added).[3]  Raytheon appeals the certification of the Plaintiffs' class under Fed. R. Civ. Proc. 23(f).

## II.

We review a district court's grant of class certification for abuse of discretion.  *See Vega*, 564 F.3d at 1264.  In order to exercise the discretion reposing in the district court, the district judge must determine the facts militating in favor of or inappropriate to class treatment.  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."

---

[3] *See Daubert v. Merrell Dow Pharms., Inc.*, 113 S. Ct. 2786 (1993).

*Id.*

III.

A district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class. *Gen. Tel. Co. v. Falcon*, 102 S. Ct. 2364, 2372 (1982). "The burden of proof to establish the propriety of class certification rests with the advocate of the class." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003).

"Although the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Id*. at 1188 n.15; *see Coopers & Lybrand v. Livesay*, 98 S. Ct. 2454, 2458 n.12 ("[t]he class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action' . . . 'The more complex determinations required in Rule 23(b)(3) class actions entail even greater entanglement with the merits.'") (emphasis and citations omitted); *see Blades v. Monsanto Co.*, 400 F.3d 562, 575 (8th Cir. 2005) (where appellants argued on appeal that, in ruling on class certification, the district court improperly resolved disputes between the parties' experts that went to the merits of the case, the appeals court found that a district

6

court may be required to resolve expert disputes in factual settings at the class certification stage).

IV.

We consider the Seventh Circuit's opinion in *American Honda Motor Co., Inc.*, 600 F.3d 813 (7th Cir. 2010), persuasive. The issue before the Seventh Circuit in *American Honda* was whether or not the district court should have conclusively ruled on the admissibility (versus the weight of, as in our case) of expert opinion prior to certifying the class.

In *American Honda*, the Seventh Circuit found that "when an expert's report or testimony is critical to class certification, as it is here . . . , a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion." *Id.* at 815-16. The *American Honda* court found that, if the situation warrants, the district court must perform a full *Daubert* analysis before certifying the class. *Id.* at 816. "A district court is the gatekeeper. It must determine the reliability of the expert's experience and training as well as the methodology used. *Id.* "The [district] court must also resolve any challenge to the reliability of information provided by an expert if that information is relevant to establishing any of the Rule 23 requirements for class certification." *Id.* We agree.

Here, in its Rule 23 analysis, we find that the district court erred as a matter of law by not sufficiently evaluating and weighing conflicting expert testimony on class certification. *Id.; United Healthgroup, Inc.*, 376 F.3d at 1096. It was error for the district court to decline to declare a proverbial, yet tentative winner. The Plaintiffs are required to prove, at the class certification stage, more than just a *prima facie* case, *i.e.*, more than just a "pretty good case." *See Valley Drug Co.*, 350 F.3d at 1187.

Here the district court refused to conduct a *Daubert*-like critique of the proffered experts's qualifications. This was error. As we have noted, a district court must make the necessary factual and legal inquiries and decide all relevant contested issues prior to certification. *American Honda*, 600 F.3d at 817. The district court has not determined facts, from the often conflicting evidence, sufficient to determine whether class certification is or is not appropriate. The court erred in granting class certification prematurely. "Tough questions must be faced and squarely decided." *Id.* (citation omitted). Such tough questions were side-stepped by the district court in this case. That was error.

V.

We have carefully reviewed the record in this case and the arguments of counsel. We conclude that, based upon the record before us, there is not enough

8

evidence to support a class at this stage of the litigation. The Plaintiffs have failed to carry their burden of proof. *See Valley Drug Co.*, 350 F.3d at 1187. Accordingly, we conclude that the district court erred by not weighing conflicting expert testimony presented by both parties at the class certification stage. We vacate the district court order certifying a class, and remand for further proceedings consistent with this opinion. In so holding, we express no opinion as to whether class certification is or is not appropriate in this case.

VACATED and REMANDED for further proceedings consistent with this opinion.