**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLYN SALI and DEBORAH SPRIGGS, on behalf of themselves, all others similarly situated and the general public, *Plaintiffs-Appellants*, <br><br> v. <br><br> CORONA REGIONAL MEDICAL CENTER; UHS OF DELAWARE INC., *Defendants-Appellees.* | No. 15-56460 <br><br> D.C. No. 5:14-cv-00985-PSG-JPR <br><br><br> ORDER |

Filed November 1, 2018

Before: M. Margaret McKeown and Kim McLane Wardlaw, Circuit Judges, and Salvador Mendoza, Jr.,[*] District Judge.

Order;
Dissent by Judge Bea

---

[*] The Honorable Salvador Mendoza, Jr., District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

## SUMMARY[**]

### Class Certification

The panel filed an order denying a petition for panel rehearing and a petition for rehearing en banc, in a case in which the panel reversed the district court's denial of class certification in a putative class action.

Judge Bea, joined by Judges Bybee, Callahan, Ikuta, and Bennett, dissented from the denial of rehearing en banc because he would hold that the panel erred in concluding that expert opinion testimony need not be admissible evidence in order to be considered at the class certification stage. Judge Bea wrote that the panel's decision goes against the court's own binding precedent, the law of four other circuits, and the Supreme Court's clear guidance on the issue.

## ORDER

The panel has voted to deny the petition for panel rehearing.

The full court was advised of the petition for rehearing en banc. A judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of votes of the nonrecused active judges in favor of en banc consideration. Fed. R. App. P. 35.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The petition for panel rehearing and the petition for rehearing en banc are **DENIED**.

---

BEA, Circuit Judge, joined by BYBEE, CALLAHAN, IKUTA, and BENNETT, Circuit Judges, dissenting from the denial of rehearing en banc:

I regret that we decided not to rehear this case en banc because we could have corrected our own errors. Rather than do that, we have established a rule that undermines the purpose of the class certification proceeding. We have been instructed by the Court that facts necessary to establish the elements of a class cannot simply be those that meet a pleading standard.[1]    But the panel has reduced the requirements of class certification *below* even a pleading standard.    It has accepted the undisputedly inadmissible opinion of plaintiffs' *paralegal*—not even that of an attorney who is subject to certain pleading standards[2]—that the plaintiffs have damages typical of the class sought to be certified.

This doesn't pass the straight-face test.

It is no surprise the panel's holding that expert opinion testimony need not be admissible at the class certification stage is contrary to our own precedent, but also contrary to decisions of four other circuits and clear Supreme Court guidance.

---

[1] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard.").

[2] *See* Fed. R. Civ. P. 11.

I

This case arises out of a wage and hour class action under California law. *Sali v. Corona Reg'l Med. Ctr.*, 889 F.3d 623 (9th Cir. 2018). The two named plaintiffs, Marlyn Sali and Deborah Spriggs ("Plaintiffs"), are Registered Nurses ("RNs") who were formerly employed by Corona Regional Medical Center ("Corona"). *Id.* at 627. Plaintiffs brought a putative class action alleging that, during their employment by Corona, they and other nurses were subject to a number of policies and practices that violated California's wage and hour laws. *Id.* Based on each of their claims, Plaintiffs moved to certify seven classes. *Id.* at 628.

The district court denied the motion to certify as to all of the proposed sub-classes, holding, in relevant part, that Sali and Spriggs had failed to satisfy Rule 23(a)'s typicality requirement because they failed to submit admissible evidence that they had suffered any of the damages suffered by the putative class. *Id.* In reaching this decision, the district court refused to consider the only piece of evidence offered to establish Plaintiffs' injuries—the declaration of Javier Ruiz, a paralegal employed by the law firm representing Plaintiffs—because it contained inadmissible evidence. *Id.* at 630. The panel explains that the paralegal took a "random sampling" of Plaintiffs' timesheets to determine how Corona's policy of "rounding" clock-in and clock-out times to the nearest quarter hour had affected each plaintiff's pay individually. *Id.* Based on this "random sampling," Ruiz concluded that "on average over hundreds of shifts, Corona's rounded time policy undercounted Sali's clock-in and clock-out times by eight minutes per shift and Spriggs's times by six minutes per shift." *Id.*

The district court found the Ruiz declaration was inadmissible for three reasons. First, Ruiz lacked personal

knowledge of the data in the spreadsheets, and thus could not authenticate the data. *Id.* at 630-31. Second, Ruiz offered opinion testimony, improper unless he qualified as an expert witness. *Id.* at 631. Third, Ruiz lacked the qualifications necessary for the "cumulative conclusions" he reached via "manipulation and analysis of raw data" to be admissible under Federal Rule of Evidence 702.[3] *Id.* Because the Ruiz

---

[3] Notably, the panel's decision does not question the district court's determination that the Ruiz declaration is deficient under Federal Rule of Evidence 702, likely because the conclusion is inescapable. Ruiz offered his opinion based on an analysis and interpretation of data—not one rationally based on his own perception or personal knowledge—and thus he offered an expert opinion, not a lay opinion. *See* Fed. R. Evid. 701, 702. The familiar *Daubert* standard requires courts to assess "whether the reasoning or methodology underlying the testimony is scientifically valid." *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). But here, Ruiz offers no explanation of his reasoning or methodology.

According to his declaration, Ruiz, a paralegal hired by Plaintiffs' attorney, compiled Plaintiffs' clock-in and clock-out times and generated spreadsheets which purportedly analyzed how often and to what extent Plaintiffs were underpaid by Corona's allegedly unlawful policies. For example, Corona had a policy whereby clock-in and clock-out times would be rounded up to fifteen minutes if they were eight or more minutes past the quarter-hour mark and rounded down to zero minutes if they were seven or fewer minutes past the quarter-hour mark. According to the panel opinion, Ruiz used a "random sampling" of the timesheets and concluded that, "on average," the "rounded time policy undercounted Sali's clock-in and clock-out times by eight minutes per shift and Spriggs's times by six minutes per shift." *Sali*, 889 F.3d at 630. From what evidence the panel deduced Ruiz's choice of clock-ins and clock-outs was "random" escapes me. His declaration says only that he "review[ed] and analyze[d] time and payroll records" and "input[ted] such information into Excel Spreadsheets in order to determine the violation rate and damages." Not once does he mention "random sampling." Although Ruiz attaches to his declaration spreadsheets purporting to show various wage and hour violations, he does not describe how he created the spreadsheets, whether the spreadsheets

declaration was inadmissible, the district court did not consider it. Left with no other evidence from which to conclude Plaintiffs had been injured (much less that their injuries were typical of class injuries), the district court found that Plaintiffs had failed to satisfy Rule 23(a)'s typicality requirement.[4] Plaintiffs challenged this ruling on appeal.

The panel held that the district court's typicality determination was premised on an error of law. *Id.* at 630. Specifically, the panel concluded that, because the class

---

represent all or only a portion of the time records, or what methods he used to identify alleged violations of the relevant laws and regulations. For all we know from his declaration, Ruiz could have "sampled" only times that were favorable to his employer's case and disregarded those that were unfavorable. His methodology is simply unexplained.

In fact, when one sits back and thinks about it, to have a party's paralegal opine on the extent to what the plaintiff was underpaid by allowing the paralegal to choose various time-entries without explaining his methods is no different than a lawyer interviewing a client and choosing only favorable information to include in the client's pleading. And the Supreme Court has repeatedly recognized that Rule 23 requires more than a mere pleading standard. *See, e.g.*, *Dukes*, 564 U.S. at 350.

Because the Ruiz declaration is so obviously deficient, it makes sense that the panel opinion does not contest the district court's ruling that it would be inadmissible under the Federal Rules of Evidence.

[4] The district court refused to consider Sali's and Spriggs's declarations submitted with their reply brief after it struck Ruiz's declaration. Although Plaintiffs' declarations might have made up for the infirmity of Ruiz's opinion, the district court acted within its discretion when it refused to consider their late submissions. *See Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001) ("The district court had discretion to consider the . . . issue even if it was raised in a reply brief.").

certification order is "preliminary" and can be entered at an early stage of the litigation, but changed later, a motion for class certification need not be supported by admissible evidence.**5** *Id.* at 631. Noting that the Supreme Court has previously stated that class certification proceedings are "not accompanied by the traditional rules and procedure applicable to civil trials," the panel held that the district court abused its discretion by limiting its Rule 23 analysis to admissible evidence. *Id.* (citing *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974))).**6** "Inadmissibility alone," said the panel, "is not a

---

**5** The panel attempts to bolster its reasoning for holding that evidence need not be admissible at the class certification stage by stating that "the evidence needed to prove a class's case often lies in a defendant's possession and may be obtained only through discovery." *Sali*, 889 F.3d at 631. Further, "[l]imiting class-certification-stage proof to admissible evidence risks terminating actions before a putative class may gather crucial admissible evidence." *Id.*

The panel's reasoning is flawed. First, Plaintiffs here *had* their wage records; the paralegal's spreadsheet shows the wage information he chose from Sali's and Spriggs's records. Second, it is well known that discovery is not limited to the merits stage of a case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Indeed, "discovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23." *Id.* at 351 n.13.

**6** To the extent the panel relies on language from the Supreme Court's more than 40-year-old opinion in *Eisen*, its reliance is misplaced. In *Eisen*, the plaintiff filed a putative class action on behalf of himself and all other "odd-lot" traders on the New York Stock Exchange, alleging violations of antitrust and securities laws. 417 U.S. at 159. After bouncing back and forth between the district court and the court of appeals for over six years on various preliminary issues, the case finally made its way to the Supreme Court on, among other issues, whether the

proper basis to reject evidence submitted in support of class certification." *Id.* at 632. On this basis, the panel reversed the district court's denial of class certification and remanded for the district court to reconsider the typicality issue without excluding the Ruiz declaration.

---

notice requirement of Rule 23 requires the plaintiff to bear the cost of notice to members of his class. *Id.* at 177. In reasoning that it did, the Court held that the district court was wrong to reach its contrary conclusion by making a preliminary determination on the merits of the case: that defendants were "more than likely" to lose. *Id.* Such a determination, the Court held, could result in "substantial prejudice to a defendant" because the proceedings involved at the class certification stage are not governed by "the traditional rules and procedures applicable to civil trials." *Id.* at 178.

It is this language that the *Zurn Pex* court and the panel here deploy for the proposition that class certification proceedings are "preliminary" and thus do not require admissible evidence. 644 F.3d at 613–14. Both misread the language. First, *Eisen* did not involve the issue here: whether a plaintiff must proffer admissible evidence of damages typical of those claimed for the putative class(es) for a court to grant class certification. As noted, *Eisen* involved the issue of who bore the cost of giving notice. In *Dukes*, the Supreme Court made it very clear that the passage cited by the *Zurn Pex* court and the panel dealt *not* with the propriety of class certification (as the class had already been certified), but instead *only* with shifting the cost of Rule 23(c)(2) notice from plaintiff to defendants. 564 U.S. at 351 n.6. And the Court went on: "To the extent the quoted statement goes beyond the permissibility of a merits inquiry for any other pretrial purpose [beside the cost of notice issue], it is the purest dictum and is contradicted by our other cases." *Id.* Thus, *Eisen* is inapplicable to Rule 23 class certification determinations, and we should follow the more recent applicable cases, *Dukes* and *Comcast Corporation v. Behrend*, 569 U.S. 27 (2013), which are clearly at odds with the panel's decision.

II

The class certification stage cannot be disdained as the panel has done here. We have held a district court's determination on class certification often "sounds the death knell of the litigation," whether by dismissal, if class certification is denied, or by settlement, if class certification is granted. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 957 (9th Cir. 2005) (quoting *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834 (7th Cir. 1999)). It is for this reason that federal courts in the past—including the U.S. Supreme Court—have treated the class certification stage not as a "preliminary" step in the litigation, but as an oftentimes dispositive step demanding a more stringent evidentiary standard.

Besides the fact that the panel's decision is contrary to our own precedent,[7] I take issue with the panel's decision for

---

[7] Although the panel opinion cites *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011), as if it were to lend support to the panel's holding, quite the contrary is the case. In *Costco*, we reversed a district court's grant of class certification to a group of female employees who alleged that Costco Wholesale Corporation ("Costco") had discriminated against them on the basis of gender. *Id.* at 974. After first finding that the plaintiffs' expert report would be admissible under *Daubert*, the district court refused to engage in any analysis of the validity or persuasiveness of the expert report and, instead, held that the mere fact that the opinion was admissible was sufficient to support class certification. *Id.* at 982. We held that, although the district court had "correctly applied the evidentiary standard set forth in *Daubert*," it abused its discretion by certifying a class based *only* on the admissibility of the expert report, without consideration of the report's persuasiveness. *Id*. In other words, we said that admissibility of the proffered evidence is not *sufficient* to demonstrate that such evidence provided the proof required under Rule 23. Rather, admissibility is a threshold issue to determine before considering the evidence's persuasiveness.

two important reasons.  First, it puts our court on the wrong side of a lopsided circuit split.  And second, it defies clear Supreme Court guidance on this issue.

###### A. *Four of five other circuits to consider this issue disagree with the panel.*

The panel's opinion also puts us on the short side of a lopsided circuit split—the Second, Third, Fifth, and Seventh

---

The panel selectively quotes *Costco* to support a contrary ruling. First, it totally omits *Costco*'s holding that the district court was correct to apply *Daubert*, and thus correct to consider admissibility at the first step of the Rule 23 analysis.  *See Sali*, 889 F.3d at 631–32 (failing to mention *Costco*'s holding that the district court had "correctly applied" *Daubert*).  Next, the panel cites *Costco*'s holding that a district court abuses its discretion when it limits its Rule 23 analysis "to a determination of whether Plaintiffs' evidence on the point was admissible" (where the evidence *was* admissible).  *Id.* at 631 (quoting *Costco*, 657 F.3d at 982).  Ignoring *Costco*'s contrary language, the panel deprecates what the *Costco* court stated as to the importance of admissibility in evaluating compliance with Rule 23: "[A] district court *should* evaluate admissibility," the panel says, "[b]ut admissibility must not be dispositive."  *Id.* at 634 (emphasis added).

The panel's interpretation of *Costco* distorts its basic holding.  To the extent *Costco* held that admissibility is not sufficient to demonstrate a plaintiff's compliance with Rule 23, the panel is correct: mere admissibility does not establish compliance.  *Costco* thus stands for the proposition that class certification cannot be granted on the basis of admissibility *alone*.

But the panel takes that holding a step further by concluding that neither is admissibility *necessary*.  *Costco* did *not* say that.  *Costco* supports the opposite conclusion that evidence must be admissible for it to be considered at the class certification stage.  Far from supporting the panel's opinion, *Costco* is inconsistent with it.  But rather than rehearing this case en banc to correct the conflict, we have left district courts and litigants in an impossible position.

Circuits all require expert testimony to be admissible to be considered at the class certification stage. *See In re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 187 (3d Cir. 2015) ("We join certain of our sister courts to hold that a plaintiff cannot rely on challenged expert testimony, when critical to class certification, to demonstrate conformity with Rule 23 unless the plaintiff also demonstrates, and the trial court finds, that the expert testimony satisfies the standard set out in *Daubert*."); *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 129 (2d Cir. 2013) (holding that the district court properly "considered the *admissibility* of the expert testimony" at the class certification stage, but declining to decide exactly "when a *Daubert* analysis forms a necessary component of a district court's rigorous analysis") (emphasis added); *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 817 (7th Cir. 2010) (vacating the district court's class certification order because it "fail[ed] to [resolve clearly] the issue of . . . admissibility before certifying the class" and the expert testimony in question failed to satisfy *Daubert*); *Unger v. Amedisys Inc.*, 401 F.3d 316, 319 (5th Cir. 2005) (holding that "findings [at the class certification stage] must be made based on adequate admissible evidence to justify class certification"). Two other circuits have so held in unpublished rulings. *See In re Carpenter Co.*, No. 14-0302, 2014 WL 12809636, at *3 (6th Cir. Sept. 29, 2014) (holding that, in light of *Comcast* and *Dukes*, the district court properly applied *Daubert* at the class certification stage); *Sher v. Raytheon Co.*, 419 F. App'x 887, 890 (11th Cir. 2011) (holding that "the district court erred as a matter of law" by failing to conduct a *Daubert* analysis at the class certification stage).

The panel acknowledges its conflict with the Third, Fifth, and Seventh Circuits, but emphasizes its agreement with the Eighth—the only circuit to come out the other way.

*Sali*, 889 F.3d at 632 (citing *Zurn Pex*, 644 F.3d at 612–13). But even that case does not fully support the panel's decision. In *Zurn Pex*, homeowners brought a class action against a plumbing company, claiming that the systems installed by the company were defective. 644 F.3d at 608. At the class certification stage, the plaintiffs proffered evidence from two experts regarding the failure of the plumbing systems. *Id.* at 609. The defendant attempted to exclude the testimony under *Daubert*, and the plaintiffs argued *Daubert* did not apply. *Id.* at 610. The district court conducted a "focused" *Daubert* analysis, declining to rule on whether the testimony was admissible, but also taking the *Daubert* factors into consideration in determining whether the expert testimony supported class certification. *Id.* at 610–11. The district court found that the expert testimony supported class certification and certified the class. *Id.* The Eighth Circuit affirmed, holding that the district court's "focused" *Daubert* analysis was correct and stating that expert testimony need not be admissible at the class certification stage, although the *Daubert* factors should be considered. *Id.* at 613.

*Zurn Pex* is consistent with the panel's position that inadmissible expert testimony can be used to support a class certification motion, though as noted above, the *Zurn Pex* court, like the panel here, misreads *Eisen*. But *Zurn Pex*'s requirement that district courts undertake a "focused" *Daubert* analysis is more specific and rigorous than the panel's analysis and holding was here. The panel states that the district court "may" consider admissibility and "should" evaluate evidence in light of *Daubert*, but provides no further guidance as to what standard district courts should apply.

Overall, the great weight of persuasive authority counsels against the panel's decision.  In total, six circuits have held in published or unpublished decisions that expert testimony must be admissible to be considered at the class certification stage.  Before the panel's decision in this case, only one circuit had reached the opposite conclusion—and even that circuit created a more stringent evidentiary standard than the one applied by the panel here.

### B.  *The Supreme Court's precedent counsels against the panel's holding.*

It is no wonder the overwhelming majority of circuits to address this question have come down on the side opposite the panel.  Although the Supreme Court has not directly addressed whether expert testimony must be admissible to be considered on a motion for class certification, its guidance in this area heavily favors the circuit majority rule.  Indeed, the last time our court issued an opinion loosening the requirements for class certification, the Court reversed us and offered guidance that we would have been wise to heed here.

In *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 342 (2011), the Supreme Court reversed an en banc panel of this court that had approved an order certifying an expansive, 1.5-million-person class.  The class comprised "current and former female employees of petitioner Wal-Mart who allege[d] that the discretion exercised by their local supervisors over pay and promotion matters violate[d] Title VII by discriminating against women."  *Id.*  Before analyzing whether the plaintiffs had satisfied the various elements of Rule 23, the Court discussed in some detail the evidentiary standard appropriate at the class certification stage.  *Id.* at 350–51.  The Court noted that "Rule 23 does not set forth a mere pleading standard"; rather, the moving

party must "*affirmatively demonstrate* his compliance with the Rule." *Id.* at 350 (emphasis added).  The plaintiff "must be prepared to *prove* that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* (first emphasis added).  The Court thus reemphasized the point, made in a previous case, that the district court must engage in a "rigorous analysis" to determine whether Rule 23 has been satisfied. *Id.* at 351 (quoting *Falcon*, 457 U.S. at 161).  And, relevant here, the Court expressly "doubt[ed]" the idea, advanced by the district court in *Dukes* and adopted by the panel here, that "*Daubert* [does] not apply to expert testimony at the certification stage of class-action proceedings." *Id.* at 354.

At least one other Supreme Court case counsels against the panel's holding here.  In *Comcast Corporation v. Behrend*, 569 U.S. 27 (2013), the Supreme Court discussed again the evidentiary standard at the class certification stage when it reversed the Third Circuit's opinion affirming a grant of class certification.  The Court reaffirmed the principles emphasized in *Dukes* that Rule 23 demands more than a "mere pleading standard" and that a plaintiff must "affirmatively demonstrate"—that is, "prove"—that he "*in fact*" has complied with Rule 23. *Comcast*, 569 U.S. at 33 (citing *Dukes*, 564 U.S. at 350–51) (emphasis in original). Although it failed to address directly whether evidence must be admissible at the class certification stage, the Court held that "satisfy[ing] *through evidentiary proof* at least one of the provisions of Rule 23(b)" is a prerequisite to class certification. *Id.* (emphasis added).  Once again, the Court's guidance strongly suggests that it favors the rule of the majority of circuits, which the panel in this case rejected.

### III

The panel's decision in this case involves a question of exceptional importance and is plainly wrong. It goes against our own binding precedent, the law of four other circuits, and the Supreme Court's clear guidance on this issue. Our court should have reheard this case en banc to reverse the panel's decision on our own.